The People of the State of New York, Respondent, v. Michael Smolinski and Louis Juginski, Appellants.— Appeal dismissed upon stipulation filed.

Battle Island Paper Company, Respondent, v. Jessup & Moore Paper Company, Appellant.—Judgment affirmed, with costs. All concurred.

Emma J. Correll and Joseph Grant, Jr., Appellants, v. John Richardson, Respondent.—Judgment and order reversed and new trial granted, with costs to appellants to abide event. Held, the evidence was insufficient to show that defendant had been directed by the county superintendent of highways or authorized by the town board to enter upon plaintiffs' lands and construct a new ditch to drain the water from the highway, and without such direction and authorization defendant's entry was unlawful and a trespass, for which defendant is liable personally and the town is not liable. (See Highway Law, § 57.)* Hence, it was reversible error to refuse to charge the jury as requested by plaintiffs' counsel, "That there is no evidence here that the highway commissioner was authorized to dig this ditch by action of the town board, and that there is no record of the action; that the town is not liable unless he was directed to dig this ditch by the county superintendent, and also by the town board of Huron, under section 57 of the Highway Law." All concurred.

Eugene D. Crooker, Respondent, v. Pennsylvania Railroad Company, Appellant.—Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that as matter of law plaintiff failed to establish freedom from contributory negligence. All concurred.

George E. Whiteman, Respondent, v. Wesley R. Guile, Appellant.— Judgment and order affirmed, with costs. All concurred.

John J. Sullivan, Respondent, v. Nellie C. Taylor, Appellant.—Judgment and order affirmed, with costs. All concurred, except Foote and Merrell, JJ., who dissented.

August W. L. Rothenberg, Respondent, v. Newton M. Collins, Appellant, Impleaded, etc.— It appearing that the justices qualified to sit in this appeal are equally divided and unable to render a decision herein, the same is ordered transferred to the Appellate Division, Third Department, to be there heard and determined, pursuant to section 231 of the Code of Civil Procedure. Foote, J., not sitting.

Charles H. Stanton, Respondent, v. George C. Meyers, Appellant.— Interlocutory judgment affirmed, with costs. All concurred.

Edward J. Hannan, Appellant, v. Thomas Cary, Respondent.—Judgment and order affirmed, with costs. All concurred, except Kruse, P. J., and Lambert, J., who dissented upon the ground that there was such an unauthorized assumption of ownership over the house in question as amounted to a conversion. A specific demand of possession by plaintiff was not necessary under the circumstances.

Julius Schwartz, Respondent, v. Hooker Electro-Chemical Company, Appellant.— Order modified so as to permit plaintiff to have an inspection of the machine on which he was injured, and its several parts, on condi-

---

*See Consol. Laws, chap. 25 (Laws of 1909, chap. 30), § 57.—[REP.